# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| Gavin Howard, *pro se* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 7:23-cv-01005-LSC |
| ) | |
| Pickens County, AL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM OF OPINION

Before the Court is Plaintiff Gavin Howard's request to amend his Complaint and Amended Complaint filed contemporaneously therewith. (Doc. 10.) For the reasons provided below, Plaintiff's Amended Complaint fails to state a claim upon which relief may be grant. Therefore, there is no reason for the Court to consider Plaintiff's request, and this action is therefore DISMISSED.

## I. BACKGROUND

On July 26, 2023, Plaintiff Gavin Howard, acting *pro se*, filed this action against six defendants. (Doc. 1.) Plaintiff also submitted a motion for leave to proceed *in forma pauperis*. (Doc. 2.) Because Plaintiff requested to proceed *in forma pauperis*, the Court was required review the complaint and dismiss the action *sua sponte* if it is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In its August 2, 2023 Order, which was mailed to Plaintiff via first class mail, the Court explained that Plaintiff's Complaint was due to be dismissed because it did not contain any factual allegations. (Doc. 3.) Further, the Court explained that some of the defendants, Circuit Clerk Keith Booty Cox and Scott Foster, are not subject to suit. (*Id.*) The Court gave leave until August 16, 2023 for Plaintiff to file an amended complaint curing these deficiencies. (*Id.*) The Court also denied Plaintiff's motion to proceed *in forma pauperis* with leave to refile upon submission of an amended complaint. (*Id.*)

On August 23, 2023, the Court dismissed this action without prejudice because Plaintiff had failed to amend his Complaint. (Doc. 7.) However, the Court set aside this Order on September 27, 2023 because it had come to its attention that Plaintiff had been incarcerated since July 31, 2023 and had not received the previous Orders. (Doc. 9.) The Court then granted Plaintiff twenty days to file an amended complaint stating sufficient facts to demonstrate a cause of action, if such could be done. (*Id.*)

On October 10, 2023, Plaintiff requested to amend his complaint and filed an amended complaint contemporaneously therewith. (Doc. 10.) It is now incumbent upon this Court to review the Amended Complaint *sua sponte* and determine whether it states a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s]

whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id*. If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. A*m. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III.   ANALYSIS

In the Amended Complaint, Plaintiff requests that the Court terminate Scott Foster as a defendant. (Doc. 10 at 1.) That leaves five defendants remaining in this lawsuit: Pickens County, Alabama; Keith Booty Cox; Jeremy Herd; Jordan Powell; and David Abston. Plaintiff appears to believe that these defendants are liable under 18 USC § 1028, Identity Theft and Assumption Deterrence Act of 1998, the 4th Amendment, the 14th Amendment, the First Amendment, "False Imprisonment," and "Unlawful Arrest." (Docs. 1, 10.) As 18 USC § 1028 and the Identity Theft and Assumption Deterrence Act of 1998 are criminal statutes without a civil cause of action, the Court assumes that Plaintiff intended to state a claim under 42 USC § 1983 for deprivation of constitutional or federal statutory rights under color of state law. *See Williams v. Bd. of Regents of Univ. System of Ga.*, 477 F.3d 1282, 1299

(11th Cir. 2007). The Court addresses any possible claims regarding each defendant in turn.

First, the Court starts with Pickens County, Alabama. In neither the Original Complaint (Doc. 1) nor the Amended Complaint (Doc. 10) does Plaintiff assert any factual allegations against Pickens County. From the Court's review of the complaints, the only connection that Pickens County has to this lawsuit is that it employs the defendants. This, by itself, is insufficient to subject Pickens County to liability. And further, as discussed below, Plaintiff has not asserted a cognizable claim against any of Pickens County's employees. Therefore, Pickens County is due to be dismissed as a defendant.

Next, the Court turns to Keith Booty Cox. In his Amended Complaint, Plaintiff does not say anything at all about Cox, begging the question of whether Plaintiff even intends to proceed against Cox. (Doc. 1.) But regardless, as explained in the Court's Order from August 2nd (Doc. 3), Cox is the Pickens County Circuit Clerk who Plaintiff contends issued the warrant that he asserts was "illegal." When a court clerk acts "under command of court decrees or under explicit instructions of a judge," the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980); *see Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985); *Scott v. Dixon*, 720 F.2d 1542, 1546 (11th Cir. 1983), *cert. denied,* 469 U.S. 832 (1984) (holding that a state court clerk who issued an arrest warrant was

immune from suit under "this circuit's narrow extension of absolute judicial immunity to court clerks"). As such, Cox is immune from any claims for monetary damages.

Even further, Plaintiff has not pled sufficient factual allegations against Cox to assert a claim. Plaintiff has merely stated that Cox issued a warrant for his arrest on the charge of harassing communications without probable cause, and that this led to his imprisonment. (Doc. 1 at 11.) Plaintiff has provided no further facts. Consequently, Plaintiff has not stated a claim against Cox, and he is not entitled to monetary damages or injunctive relief, to the extent he requests it.

Plaintiff has likewise failed to state a claim against Jeremy Herd. In his complaints, Plaintiff essentially states that Herd, a sergeant in the Pickens County Sherriff's Office, issued an illegal warrant using illegal documents and incorrect information, and that Herd tampered with records and forced him to sign documents. (*Id.* at 13; Doc. 10 at 2.) Plaintiff also raises a general allegation of identity theft. (*Id.*) Plaintiff alleges that this happened on December 19, 2019 and August 6, 2021. (Doc. 1 at 13; Doc. 10 at 2.) At the outset, Plaintiff's complaints lack sufficient factual allegations to state a claim. He does not explain what "illegal documents" were used or what made these documents "illegal." He does not explain what records were "tampered" with or what documents he was forced to sign. He also does not explain how Herd allegedly stole his identity. But even further, there is a two-year

statute of limitations for constitutional claims brought under § 1983 in Alabama. *See Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017) (citing Ala. § 6-2-38). As Plaintiff filed his claim in on July 26, 2023 (Doc. 1.), this statute of limitations precludes any claim based on the December 2019 occurrence.

As to Jordan Powell, Plaintiff's complaints are likewise deficient. Plaintiff alleges that Powell issued an illegal arrest warrant, which lacked probable cause, and that Powell used an unlawful name, attributed to Plaintiff, causing false booking records and identity theft. (Doc. 1 at 12; Doc. 10 at 2.) Plaintiff states that this occurred on January 6, 2020 and then again on July 30, 2023. (Doc. 1 at 12.) Plaintiff's allegations are purely conclusory and thus fail to state a claim. Additionally, any claim based on the event from January 6, 2020 would fall outside the two-year statute of limitations. *See Boyd*, 856 F.3d at 872 (citing Ala. § 6-2-38). Plaintiff's claim based on any events occurring on July 30, 2023 would also fail because Plaintiff alleged this date in his initial complaint, which was filed on July 26, 2023. To state the obvious, Plaintiff does not state a claim when he merely speculates about a future event. Consequently, Plaintiff's claim against Powell is due to be dismissed.

Lastly, Plaintiff has not asserted a cognizable claim against David Abston. While not abundantly clear, Plaintiff appears to allege: Abston was the Sheriff of Pickens County around the time his identity was stolen and that Abston was in

charge of cyber security at the jail; the Sheriff's Office used outdated fingerprint cards that resulted in Plaintiff's identity being stolen and sold; the Sheriff's Office appeared on Plaintiff's credit report multiple times under a name and address that did not belong to Plaintiff; and Abston was doing business with one of the entities that appeared on Plaintiff's credit report, West Alabama Bank. (Doc. 1 at 9–10; Doc. 10 at 3.) Plaintiff asserts that he learned of this "identity theft" in 2019. (Doc. 10 at 3.) First, Plaintiff's allegations, as pled, do not give rise to a § 1983 claim. The Court cannot discern what constitutional or statutory right that Abston allegedly violated under the color of state law. Accordingly, while Plaintiff has pled some factual allegations, he has not stated a claim upon which relief may be granted. But even if Plaintiff had stated a § 1983 claim, his claim would be barred by the statute of limitations, as he learned of the events in question in 2019 and filed his claim in 2023. Accordingly, Plaintiff's claim against Abston is due to be dismissed.

## IV.  CONCLUSION

For the reasons discussed above, Plaintiff's Amended Complaint fails to state a cognizable cause of action. As a result, there is no reason for the Court to consider Plaintiff's request to amend his Complaint, and the Court DISMISSES this action.

**DONE** and **ORDERED** on October 20, 2023.

_____
L. Scott Coogler
United States District Judge

215755